MUNICIPALITY No. 2, for the use of JAMES PIGRAU, v. ARTHUR GUILLOTTE.

The power of the municipal corporation to make contracts for the pavement of streets at the expense partially of proprietors, is clear.

In the absence of proof of fraud, the acceptance by the corporation of work which it was authorized to contract for, is *prima facie* evidence against the defendant, so far as relates to its completion and the manner in which it was done.

APPEAL from the Fifth District Court of New Orleans, *Eggleston, J.*
*C. Hunt* and *C. T. Bemiss,* for plaintiff and appellee.  *R. N. Ogden,* for defendant and appellant.

COLE, J.   This suit was instituted by *James Pigrau* to recover the amount of two bills for paving Felicity Road, in front of his property, with interest thereupon.

There was judgment for plaintiff, and defendant has appealed.

On the 22d of March, 1849, *Pigrau* entered into a contract with the city of Lafayette and the Second Municipality of New Orleans, for the paving of Felicity Road, from its end nearest the river to Appollo street.

The said corporations subrogated *Pigrau* to all the rights of the Mayor, Aldermen and Inhabitants of the city of Lafayette and of the Second Municipality of New Orleans, to collect from the proprietors of property on each side of Felicity Road, one-third from each proprietor of the cost of the paving, and empowered *Pigrau* to institute suits for the recovery of the portions of the said road-way pavement, which might be due by the front proprietors aforesaid.

The Second Municipality having ceased to exist, and being now represented by the Mayor and Aldermen of the city of New Orleans, by Act of the Legislature, approved 23d of February, 1852, this suit was accordingly revived under the style of the city of New Orleans, for the use of *James Pigrau* v. *Arthur Guillotte.*

The authority of municipal corporations to enter into contracts of this character, is clear.   *O'Leary* v. *Sloo,* 7 An. 25.

Felicity Road, which *Pigrau* undertook to pave, was the boundary line between the city of Lafayette and the Second Municipality.

The property of the defendant was on the Second Municipality side.

It is established that the work was done, and accepted by the Second Municipality.

In the absence of proof of fraud, the acceptance by the corporation of work which it was authorized to contract for, is *prima facie* evidence against the defendant, so far as relates to its completion and the manner in which it was done.

A consideration of the evidence induces us to believe that the work was as well done, as the price charged therefor permitted.

Judgment affirmed, with costs.

Re-hearing refused.

VOORHIES, J., absent.